**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| PLAMEN DIMITROV, and ) <br> YORDANKA E. MUTAFCHIEVA, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> HOWARD W. BULLINGTON, ) <br> ) <br> Defendant. ) | **COMPLAINT** <br><br><br><br><br> Docket No. |

Plaintiffs, Plamen Dimitrov and Yordanka E. Mutafchieva by their Attorney, Ralph William Briscoe, respectfully allege as follows:

### NATURE OF THE CASE

1. This is a civil action for personal injuries suffered by Plaintiffs Plamen Dimitrov, and for loss of consortium by Yordanka E. Mutafchieva (collectively "Plaintiffs") against Defendant, Howard W. Bullington. This action arises out of a automobile accident that occurred on April 2, 2014, on State Highway 67, South of Sandborn Road, Vincennes, Knox County, Indiana. As a result of the accident the Plaintiff, Plamen Dimitrov, suffered serious physical injury and property loss. The Defendant's negligence was a substantial contributing factor in causing Plaintiff's injuries.

### PARTIES

2. Plaintiffs, Plamen Dimitrov and Yordanka E. Mutafchieva are individuals and each a citizen of the State of Illinois. Plamen Dimitrov is a truck driver and Yordanka E. Mutafchieva is a homemaker.

3. Defendant, Howard W. Bullington is an individual and a citizen of the State of Indiana.

## VENUE AND JURISDICTION

4. This court has original jurisdiction over this action under 28 U.S.C. §1332, in that the amount of controversy exceeds Seventy-Five Thousand Dollars ($75,000) and Plaintiffs are citizens of the State of Illinois which is different from the State of Indiana where Defendant is a citizen and the state in which the accident occurred.

5. Venue is proper in this District, because the Plaintiff's are permanent residents of Glenview, Illinois, which is located within the jurisdictional boundaries of the Northern District. Additionally the Plaintiff's employer on the date of the incident was Spirit Logistics, Incorporated, located at Addison, Illinois.

## FACTUAL ALLEGATIONS

### Plaintiff, Plamen Dimitrov

6. On July 25, 2014, Plamen Dimitrov was employed by Spirit Logistics, Inc. as an owner-operator truck driver.

7. Mr. Dimitrov lived in Glenview, Illinois.

8. Mr. Dimitrov's job was based out of the Spirit Logistics truck yard in Addison, Illinois.

9. Upon information and belief, on April 2, 2014, Mr. Dimitrov lawfully and safely operated a the semi-tractor and trailer Northbound upon Indiana State Highway 67, approximately one mile South of Sandborn, Vincennes, Knox County, Indiana.

10. Upon information and belief, on April 2, 2014, the weather conditions were consistent heavy rain and the highway surface was wet and slippery.

11. Upon information and belief, on April 2, 2014, at approximately 11:00 pm, as Plaintiff, Plamen Dimitrov proceeded Northbound in the outside lane. A passenger vehicle operated by the Defendant, Howard W. Bullington attempted to pass the Plaintiff's semi-tractor and trailer.

12. Upon information and belief the Defendant, Howard W. Bullington lost control of his vehicle and swerved from the inside lane into the outside lane causing the Plaintiff to swerve to avoid a collision and causing the Plaintiff's semi-tractor and trailer to leave the roadway into a ditch and overturn.

13. Defendant, Howard W. Bullington operated his vehicle carelessly, negligently, recklessly, as too fast for weather conditions at the time.

14. As a result of the accident, the Plaintiff, Plamen Dimitrov suffered serious injuries to include rupturing and aggravating a prior injury.

### FIRST CAUSE OF ACTION
[Negligence]

15. The allegations set forth in paragraphs 1 through 14 of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

16. Defendant, Howard W. Bullington had a duty to operate his vehicle in a reasonably safe manner upon the roads of the State of Indiana.

17. Defendant, Howard W. Bullington breached his duty to operate his vehicle in a reasonably safe manner as to not endanger other drivers to include the Plaintiff, Plamen Dimitrov.

18. It was reasonably foreseeable that, by failing to operate his vehicle safely, with reasonable care, and to reduce speed to avoid other vehicle upon the roadway, due to the dangerous weather and roadway conditions, the Defendant, Howard W. Bullington would cause injury to other drivers to include the Plaintiff, Plamen Dimitrov.

19. Defendant, Howard W. Bullington's negligent failure to operate his vehicle in a reasonably safe manner, and in particular failing to remain in his own lane of traffic, to reduce speed, and adjust to the dangerous weather and roadway conditions, directly caused and/or contributed to Mr. Dimitrov's injuries.

20. As a result of the Defendant, Howard W. Bullington's negligence in failing to operate his vehicle in a reasonably safe manner, the Plaintiff, Plamen Dimitrov suffered actual damages. These damages include pain and suffering, permanent disfigurement, medical bills and related costs of treatment, lost work time and income.

### THIRD CAUSE OF ACTION
### [Loss of Consortium]

21. The allegations set forth in paragraphs 1 through 20 of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

22. Prior to injuries suffered by Plaintiff, Plamen Dimitrov, he was an adult person in good physical and mental condition and was a faithful and dutiful husband to Plaintiff, Yordanka E. Mutafchieva.

23. Plaintiff, Plamen Dimitrov, is and was at all times herein mentioned, the Husband of Plaintiff, Yordanka E. Mutafchieva. As a proximate result of the aforesaid-described acts and conduct of the Defendant, Howard W. Bullington and the injuries to

her Husband, Plaintiff Yordanka E. Mutafchieva has lost and continues to lose the love, moral, beneficial and economic support, affection, society, companionship and solace of her Husband, and has thereby sustained a pecuniary loss in a sum within the jurisdictional limits of this court, which will be stated according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, demands the following relief against Defendant:

A. Awarding actual damages resulting from Defendant's wrongdoing in excess of $600,000.

B. Pre-judgment and post-judgment costs, interest and attorney's fees;

C. Such other and further relief as this Court may deem appropriate and equitable.

Respectfully submitted,

/s/ Ralph William Briscoe
Ralph William Briscoe,
Attorney for Plaintiffs

Law Office of
Ralph William Briscoe
346 N. Northwest Highway,
Palatine, IL 60067
(847) 305-3566
(847) 241-0074 fax
Attorney No. 6307680